```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

JUSTIN LAWRENCE,
individually and on behalf
of all others similarly
situated,

       Plaintiff,
v.                                  Case No. 8:20-cv-1517-VMC-JSS

FPA VILLA DEL LAGO, LLC,
et al.,

       Defendants.
_____/

## ORDER

This matter comes before the Court sua sponte. For the reasons set forth below, the second amended complaint (Doc. # 63) is dismissed as a shotgun pleading.

## I. Background

Both the Court and the parties are familiar with the facts of this case. Therefore, the Court need not reiterate them in detail here. Lawrence initially filed this putative class action against FPA Multifamily, LLC, on July 2, 2020. (Doc. # 1). FPA Multifamily moved to dismiss the complaint, and Lawrence filed an amended complaint on August 24, 2020. (Doc. ## 10, 14). The amended complaint replaced Defendant FPA Multifamily with FPA Villa Del Lago and John Doe Defendants 1-10. (Doc. # 14). On March 4, 2021, the Court

granted in part FPA Villa Del Lago's second motion to dismiss, providing leave to amend. (Doc. # 60).

On March 18, 2021, Lawrence filed a second amended complaint, replacing the John Doe Defendants 1-10 with FPA VV-Woodchase, LLC, FPA Ocala-Western, LLC, FPA/WC University Lakes, LLC, FLT Spanish Oaks, LLC, VA7 Aqua Palms, LLC, VA7 Indigo Row, LLC, and Trinity Property Consultants, LLC. (Doc. # 63). The second amended complaint includes the following claims: rescission (Count I), unjust enrichment (Count II), and violations of the Florida Consumer Collection Practices Act (Count III).

## II. Discussion

The Court has an independent obligation to dismiss a shotgun pleading. "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-GAP-KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (emphasis omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of

2

all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, the second amended complaint is a shotgun pleading because it falls within the first category identified in Weiland. Counts II and III roll all preceding allegations into each count. (Doc. # 63 at ¶¶ 117, 128). Indeed, each of these counts begins by stating: "Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint." (Id. at ¶¶ 100, 117, 128). This is impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint containing multiple counts where

3

each count adopts the allegations of all preceding counts" as a shotgun complaint).

Accordingly, the second amended complaint is dismissed as a shotgun pleading. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (affirming the district court's sua sponte dismissal of a shotgun pleading). Because the amended complaint did not contain this pleading deficiency, the Court grants leave to amend. See Madak v. Nocco, No. 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018) ("Because the [second amended complaint] is a shotgun complaint, repleader is necessary[.]"). In repleading, the Court advises that Lawrence ensure that the allegations as to each defendant are clearly delineated. See Fischer v. Nat'l Mortg. Ass'n, 302 F. Supp. 3d 1327, 1334 (S.D. Fla. 2018) ("[A] plaintiff must treat each [d]efendant as a separate and distinct legal entity and delineate the conduct at issue as to each [d]efendant." (internal quotation marks and citation omitted)).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The second amended complaint (Doc. # 63) is sua sponte **DISMISSED** as a shotgun pleading.

(2) Lawrence may file a third amended complaint that is not

4

a shotgun pleading by **March 30, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of March, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE