UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LAWRENCE,
individually and on behalf
of all others similarly
situated,

       Plaintiff,

v.                        Case No. 8:20-cv-1517-VMC-JSS

FPA VILLA DEL LAGO, LLC,
and TRINITY PROPERTY
CONSULTANTS, LLC,

       Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant FPA Villa Del Lago, LLC's Motion to Dismiss Third Amended Complaint (Doc. # 74), filed on April 13, 2021, and Defendant Trinity Property Consultants, LLC's Motion to Dismiss Third Amended Complaint, filed on May 7, 2021. (Doc. # 94). Plaintiff Justin Lawrence responded to each Motion on May 4, 2021, and May 28, 2021, respectively. (Doc. ## 89; 103). For the reasons set forth below, the Motions are denied.

## I.  Background

Both the Court and the parties are familiar with the facts of this putative class action. Accordingly, the Court need not reiterate them in detail here. The case stems from

Tallahassee Community College student Justin Lawrence's desire to terminate his lease at an off-campus apartment complex marketed to college students in light of the COVID-19 pandemic. (Doc. # 69 at ¶¶ 29, 37-45).

Lawrence initially filed this putative class action against FPA Multifamily, LLC, on July 2, 2020. (Doc. # 1). FPA Multifamily moved to dismiss the complaint, and Lawrence filed an amended complaint on August 24, 2020. (Doc. ## 10, 14). The amended complaint replaced Defendant FPA Multifamily with FPA Villa Del Lago and John Doe Defendants 1-10. (Doc. # 14). FPA Villa Del Lago then filed a motion to dismiss on October 28, 2020. (Doc. # 28). On February 22, 2021, the Honorable Mary S. Scriven, United States District Judge, who was originally assigned to this case, entered an order recusing herself for cause (Doc. # 46), and the case was randomly reassigned to the undersigned. (Doc. # 47).

On March 4, 2021, the Court granted in part FPA Villa Del Lago's motion, dismissing without prejudice Lawrence's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, conversion, money had and received, and violations of Section 559.72(9) of the Florida Consumer Collection Practices Act ("FCCPA"). (Doc. # 60). The Court declined to dismiss

Lawrence's claims for rescission or for violations of Section 559.72(7) of the FCCPA, and granted leave to amend. (Id. at 24). Thereafter, Lawrence filed a second amended complaint on March 18, 2021, which the Court sua sponte dismissed as a shotgun pleading on March 24, 2021, again granting leave to amend. (Doc. ## 63; 65).

Lawrence filed his third amended complaint on March 30, 2021, removing John Doe Defendants 1-10 and adding Trinity Property Consultants, LLC, as a Defendant. (Doc. # 69). The third amended complaint includes the following claims: rescission against FPA Villa Del Lago (Count I), unjust enrichment against all Defendants (Count II), and violations of Sections 559.72(7) and 559.72(9) of the FCCPA against all Defendants (Count III). (Id.). In the third amended complaint, Lawrence also asserts claims on behalf of the following class:

> All people who paid the costs of rent and fees for and on behalf of students residing at The Social 2700 Student Spaces for the Spring and Summer 2020 semester who moved out prior to the completion of the semester because of school closures relating to COVID-19.

(Id. at ¶ 87). The third amended complaint alters the class to include only those students "residing at The Social 2700 Student Spaces," rather than those residing at all of

Defendants' Florida apartment complexes. (Doc. # 14 at ¶ 47).

Both FPA Villa Del Lago and Trinity Property move to dismiss the third amended complaint. (Doc. ## 74; 94). Lawrence has responded to each Motion (Doc. ## 89; 103), and they are now ripe for review.

## II.  Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual

allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).

## III. <u>Analysis</u>

Defendants seek to dismiss all counts against them. (Doc. ## 74; 94). The Court will address each claim in turn.

### A.   <u>Rescission</u>

First, FPA Villa Del Lago moves to dismiss Count I, arguing that it "fails to properly allege the elements of a claim for rescission, specifically (5) that the moving party received benefits from the contract and seeks to restore them to the other party, and (6) that the moving party has no adequate remedy at law." (Doc. # 74 at 10). This repeats the arguments made in FPA Villa Del Lago's first motion to dismiss, which was denied as to this requested relief. (Doc. ## 28; 60).

As the Court noted in its previous order, Lawrence's claim for rescission is sufficiently pled to survive dismissal. (Doc. # 60 at 7-10). Regarding the fifth element of a rescission claim – that the plaintiff has restored or offered to restore to the defendant the benefits conferred by

the agreement – Lawrence alleges that he vacated the apartment in April 2020, thus returning possession of the apartment to FPA Villa Del Lago. (Doc. # 69 at ¶¶ 49, 77, 80) ("Plaintiff moved all of his possessions out of the apartment on April 26, 2020[,] and thoroughly cleaned the apartment."). And, Lawrence avers a willingness to return the parties to the status quo. See (Id. at ¶ 111) ("This case is suitable for rescission because the parties can be equitably restored to their original position or, if that result would not be equitable, a balance of equities can otherwise be achieved."). Taken together, this element is sufficiently pled. See Smith v. Jackson, No. 16-81454-CIV-MARRA, 2017 WL 1047033, at *3 (S.D. Fla. Mar. 20, 2017) ("Here, the Amended Complaint pleads that Plaintiff offered to return the horse to Jackson . . . and the Court finds this to be sufficient. Whether restoration is possible cannot be resolved at the motion to dismiss stage.").

As to the sixth element – that the plaintiff has no adequate remedy at law – Count I has been pled in the alternative. (Doc. # 69 at ¶ 112) ("This count for rescission is pleaded in the alternative to any claim for legal relief. To the extent no remedy at law is available, rescission is appropriate."). Thus, the Motion is denied as to Count I.

B.   <u>**Unjust Enrichment**</u>

Second, Defendants move to dismiss Count II, Lawrence's claim for unjust enrichment, because it (1) fails to establish that the lease is invalid and (2) the claim is based on Defendants' allegedly wrongful conduct. (Doc. # 74 at 13-14; Doc. # 94 at 10-12). Lawrence responds that this claim may be pled in the alternative, that the lease was invalid, and that it would "be unjust to allow Trinity to retain monies that it collected that are not owed due to rescission of the [lease]." (Doc. # 89 at 4-5; Doc. # 103 at 5).

"To establish unjust enrichment under Florida law, a plaintiff must prove that '(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff.'" <u>Rosado v. Barry Univ., Inc.</u>, 499 F. Supp. 3d 1152, 1159 (S.D. Fla. 2020) (quoting <u>Duty Free World, Inc. v. Mia. Perfume Junction, Inc.</u>, 253 So.3d 689, 693 (Fla. 3d DCA 2018)).

"Generally, '[n]o cause of action in unjust enrichment can exist where the parties' relationship is governed by an express contract. This is because the theory of unjust

enrichment is equitable in nature and is, therefore, not available when there is an adequate legal remedy." Frayman v. Douglas Elliman Realty, LLC, --- F. Supp. 3d ----, 2021 WL 299951, at *16 (S.D. Fla. Jan. 25, 2021) (quoting Zarella v. Pac. Life Ins. Co., 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010)). "However, this rule does not apply where one of the parties asserts that the contract governing the dispute is invalid." Am. Infoage, LLC v. Regions Bank, No. 8:13-cv-1533-SDM-TGW, 2014 WL 4794748, at *6 (M.D. Fla. Sept. 25, 2014) (citation omitted). "It is only upon a showing that an express contract exists that the unjust enrichment . . . count fails. Until an express contract is proven, a motion to dismiss a claim for . . . unjust enrichment on these grounds is premature." Mobil Oil Corp. v. Dade Cnty. Esoil Mgmt. Co., 982 F. Supp. 873, 880 (S.D. Fla. 1997) (citation omitted).

Here, although the Lawrence and FPA Villa Del Lago's relationship is governed by the lease, Lawrence alleges that the lease is invalid by virtue of his rescission. (Doc. # 69 at ¶ 121 ("The Student Housing Lease Contract was invalid as Plaintiff and class members rescinded the contract as pled in Count I.")). The Court is not convinced that Lawrence may rely on such rescission to allege that the lease agreement was invalid, but the parties have not sufficiently briefed

this issue. Accordingly, the Court declines to dismiss Count II for this reason. See Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co., 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) ("A party may only recover under an unjust enrichment theory when there is no valid express or implied-in-fact contract.").

As to the argument that Lawrence's claim for unjust enrichment is based on Defendants' allegedly wrongful conduct, "[a] number of courts hold that a claim of unjust enrichment may not be predicated on a wrong committed by a defendant." AIM Recycling Fla., LLC v. Metals USA, Inc., No. 18-60292-CIV-ZLOCH, 2019 WL 1991946, at *1 (S.D. Fla. Mar. 4, 2019); see Electrostim Med. Servs., Inc. v. Lindsey, No. 8:11-cv-2467-VMC-TBM, 2012 WL 1560647, at *4 (M.D. Fla. May 2, 2012) ("Where a plaintiff predicates their unjust enrichment claim on wrongful conduct of a defendant, then the plaintiff's right of recovery, if any, arises from the wrong of the alleged tort rather than unjust enrichment." (citation omitted)). However, this unjust enrichment claim does not appear to arise out of an alleged tort. See Staaldam Beheer B.V. v. ASAP Installations, LLC, No. 8:09-cv-2226-EAK-EAJ, 2010 WL 1730780, at *3 (M.D. Fla. Apr. 28, 2010) ("[R]escission is a contractual remedy, not a tort.").

Accordingly, the Motion is denied as to Count II.

### C.   **Florida Consumer Collection Practices Act**

Third, Defendants move to dismiss Count III, Lawrence's claims for violations of Sections 559.72(7) and 559.72(9) of the FCCPA. The Court will address each provision in turn.

#### 1.   **Section 559.72(7)**

Defendants move to dismiss Lawrence's claim for violations of Section 559.72(7) of the FCCPA, arguing that it "fails to demonstrate that the allegedly harassing communications . . . were conducted with such frequency as to reasonably be expected to harass the debtor." (Doc. # 94 at 13-14; Doc. # 74 at 16). Trinity Property also argues that "the Lease Agreement includes an explicit provision wherein . . . Lawrence agreed he could be contacted by debt collectors." (Doc. # 94 at 13).

Section 559.72(7) prohibits persons from "[w]illfully communicat[ing] with the debtor . . . with such frequency as can reasonably be expected to harass the debtor[,] . . . or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor." Fla. Stat. § 559.72(7) (2020). "[T]he statute's use of the word 'willful' means that the calls must be done consciously, and thus that the statute concerns both 'the purpose as well as the

frequency of the creditor's calls.'" <u>Harrington v. Roundpoint</u> <u>Mortg. Servicing Corp.</u>, No. 2:15-cv-322-SPC-MRM, 2017 WL 1378539, at *10 (M.D. Fla. Apr. 11, 2017) (citing <u>Story v. J. M. Fields, Inc.</u>, 343 So.2d 675, 677 (Fla. 1st DCA 1977)).

Lawrence alleges that Defendants made the following six communications regarding his alleged debt:

> 52. On May 1, 2020, Trinity Property Consultants, LLC, sent Plaintiff an email indicating May rent was due May 1, 2020, even though Plaintiff did not owe it. FPA Villa Del Lago, LLC, and Trinity Property Consultants, LLC, knew this debt for rent was not legitimate.
>
> 53. On May 7, 2020, Trinity Property Consultants, LLC, called Plaintiff telling Plaintiff that he needed to send money for the May rent.
>
> 54. On May 12, 2020, Trinity Property Consultants, LLC, sent Plaintiff an email advising him that he had a balance due.
>
> * * *
>
> 56. Plaintiff received an outstanding balance statement from The Social 2700 Student Spaces dated May 15, 2020 with various charges including a key and gate card fee of $150.00, early termination fee of $417.00, insufficient notice fee of $417.00, May rent of $417.00 and bedroom paint fee of $250.00 as well as utility charges. The notice further stated if Plaintiff is unable to make a timely payment, his account will be forwarded to a collection provider and his credit may be adversely affected. FPA Villa Del Lago, LLC, and Trinity Property Consultants, LLC, knew these were not legitimate debts however they attempted to collect them anyway.
>
> 57. On May 19, 2020, Plaintiff received an email

> from Trinity Property Consultants, LLC, indicating
> that his keys had been received, but he was still
> being charged the $150.00 fee for not returning his
> keys. This communication was an attempt to collect
> a[] debt they knew was obviously illegitimate and
> icing on top of the harassment cake.
>
> 58. On or about July 16, 2020, Trinity Property
> Consultants, LLC, called Lawrence asking for
> payment of the outstanding rent and charges due The
> Social 2700 Student Spaces.

(Doc. # 69 at ¶¶ 52-58). Lawrence does not specify communications made by FPA Villa Del Lago, but taking all reasonable inferences in Lawrence's favor, he alleges that at least some of these communications can be attributed to FPA Villa Del Lago. (Id. at ¶¶ 134-35). Indeed, FPA Villa Del Lago does not argue for dismissal on this basis. See (Doc. # 74 at 18 (discussing "FPA and Trinity's [alleged] attempts to receive payment from Plaintiff")).

Although Lawrence does not provide facts demonstrating that this frequency of communications is harassing, or that that the communications contained harassing or abusive language, the allegation that Defendants made these six debt-related communications is just sufficient to survive a motion to dismiss. See Ortega v. Collectors Training Inst. Of Ill., Inc., No. 09-21744-CIV-GOLD/MCALILEY, 2010 WL 11505559, at *6 (S.D. Fla. Mar. 31, 2010) ("Under Florida law, there is no bright-line rule for determining whether a communication is

abusive or harassing in nature; rather, to violate the FCCPA, the behavior must be evaluated as a whole under the circumstances."). This analysis is better left to the summary judgment stage, at which point the Court will have the benefit of discovery regarding the communications.

As to Trinity Property's argument that Lawrence consented to debt-related calls, the Lease Agreement itself curbs such consent to the extent the communications violate other law: "*To the extent permitted by applicable law*, you hereby expressly authorize us, our representative(s), and any collection agency or debt collector . . . to communicate with you." (Doc. # 94-1 at 18 (emphasis added)). And, Trinity Property cites to no authority supporting such consent to an alleged FCCPA violation. Therefore, the Motion is denied as to Lawrence's claim under Section 559.72(7) of the FCCPA.

## 2. Section 559.72(9)

Regarding Lawrence's claim for violations of Section 559.72(9) of the FCCPA, the Court previously dismissed this claim because Lawrence failed to allege facts showing that Defendants knew the debt was not legitimate. (Doc. # 60 at 23-24). Defendants again move for dismissal of this claim, arguing that Lawrence has not properly alleged that the debt was illegitimate as Lawrence "was contractually obligated to

pay the entire lease term, regardless of whether he terminated his lease early," and because "Trinity was not aware that . . . Lawrence had vacated the premises until May 15, 2020." (Doc. # 74 at 18; Doc. # 94 at 15). Additionally, Defendants argue that Lawrence still fails to adequately plead knowledge. (Doc. # 74 at 19; Doc. # 94 at 16).

Section 559.72(9) prohibits a person from "claim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). "A demand for payment upon a legitimate debt will not support a claim under [S]ection 559.72(9)." Locke v. Wells Fargo Home Mortg., No. 10-60286-CIV, 2010 WL 4941456, at *3 (S.D. Fla. Nov. 30, 2010). "[A] party must allege knowledge or intent by the debt collectors . . . to state a cause of action" under Section 559.72(9) of the FCCPA. Bentley v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) (internal quotation marks and citation omitted); see also Wilson v. Badcock Home Furniture, No. 8:17-cv-2739-VMC-AAS, 2017 WL 11614458, at *2 (M.D. Fla. Dec. 29, 2017) ("[T]o state a . . . claim for assertion of a non-existent legal right, a plaintiff must plead that the [d]efendant asserted a legal

14

right that did not exist and that the [d]efendant had actual knowledge that the right did not exist." (citation omitted)).

Here, Lawrence has sufficiently alleged that Defendants sought to collect a debt it knew was not legitimate or to which it did not have a legal right. For example, Trinity Property allegedly attempted to collect "the $150.00 charge for failure to return keys when it knew the charge was not legitimate because the keys had in fact been returned." (Id. at ¶ 143); cf. Neptune v. Whetstone Partners, LLC, 34 F. Supp. 3d 1247, 1251 (S.D. Fla. July 28, 2014) (finding that the plaintiff sufficiently claimed a violation of Section 599.72(9) of the FCCPA in alleging that Defendant sought payment on a loan when the payment of that loan was not yet due). Again, FPA Villa Del Lago does not argue it did not participate in this debt collection. (Doc. # 74). Making all reasonable inferences in Lawrence's favor, the Court finds that the third amended complaint sufficiently alleges knowledge of this illegitimate debt. See Williams v. Educ. Credit Mgmt. Corp., 88 F. Supp. 3d 1338, 1347 (M.D. Fla. 2015) ("Section 559.72(9) requires actual knowledge. . . . Plaintiff, however, was not required to specifically allege that ECMC had any documentation that would establish actual knowledge that she did not in fact owe the debt. Rather, in

15

opposing a motion to dismiss, the non-moving party is entitled to all reasonable inferences that can be drawn from the well-pleaded facts in the complaint.").

Therefore, the Motion is denied as to Lawrence's claim for violations of Section 559.72(9) of the FCCPA. As previously noted, the Court will be in a better position to determine the legitimacy of the various alleged debts at summary judgment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant FPA Villa Del Lago, LLC's Motion to Dismiss Third Amended Complaint (Doc. # 74) is **DENIED.**

(2) Defendant Trinity Property Consultants, LLC's Motion to Dismiss Third Amended Complaint (Doc. # 94) is **DENIED.**

(3) Defendants' answers to the third amended complaint are due by **June 24, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of June, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE